**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** 2:14-cv-227-WCO-JCF |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **HARRISON POULTRY, INC.,** | ) ) | |
| **Defendant.** | ) ) ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. Plaintiff alleges that Defendant Harrison Poultry, Inc. engaged in intentional discrimination against Ronnie Smith ("Smith") by  failing to provide a reasonable accommodation and terminating his employment based on his disability in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to

Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Bethlehem, in Barrow County, Georgia, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

6.      Defendant violated section 102(a) of the ADA, as amended, 42 U.S.C. 12112(a), when it failed to provide Smith with a reasonable accommodation and terminated his employment based on his disability.

7.       More than thirty days prior to the institution of this lawsuit, Smith filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8.      On May 2, 2014, the EEOC issued to Defendant a Letter of Determination inviting it to join the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      On August 8, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation after Defendant advised that it was not interested in conciliating this matter.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     In April 2012, Defendant re-hired Smith as Nightshift Shift Manager. Smith had previously retired as Defendant's Plant Superintendent after 21 years of employment in January 2010.

12.     Defendant's new employment offer to Smith included an employee benefit package comprised of $70,000 annual salary, retirement plan, health insurance coverage, life insurance coverage, disability insurance, and four weeks vacation.

13.     On June 25, 2012, while on pre-approved leave for two days, Smith visited the emergency room for urgent care due to difficulty breathing and was instructed by the treating physician not to return to work until June 30, 2012.

14.     On June 25, 2012, Smith gave Defendant notice of his condition and medical restrictions and made a request for three additional days of leave to Plant Manager, Todd Cotledge ("Cotledge") and Human Resources Manager Devin Wood ("Wood"). In addition, Smith submitted the related medical documentation to Wood.

15.     Cotlege approved Smith's request for a three-day extension of leave excusing him from work through June 30, 2012 (5 days cumulatively).

16.   On June 28, 2012, Smith was issued new medical restrictions prohibiting him from returning to work until after July 6, 2012.

17.   On the same day, June 28, 2012, Smith gave notice of the new medical restrictions to Cotledge and Wood and requested a second leave extension to comply with the restrictions. Smith again submitted the related medical documentation to Wood.

18.   Cotledge approved Smith's second request for an additional five days of leave excusing him from work through July 6, 2012 (10 days cumulatively).

19.   On July 5, 2012, Smith was diagnosed with emphysema.

20.   Emphysema substantially limits Smith's respiratory and cardiovascular functions, including his ability to breathe.

21.   As a result of his emphysema diagnosis, Smith's physician issued a third and final medical restriction which prohibiting him from returning to work until August 1, 2012.

22.   On July 5, 2012, Smith gave notice of his emphysema diagnosis and new medical restrictions to Cotledge and Wood, and requested a third and final leave extension to comply with the new restrictions. Smith again submitted the related medical documentation to Wood.

23.     Cotledge approved Smith's third request for an additional 17 days of leave excusing him from work through August 1, 2012 (27 days cumulatively).

24.     On July 13, 2012, Defendant terminated Smith's employment because of the leave extension he had requested to convalesce from his disability.

25.     Smith was a qualified individual with a disability who could have performed the essential functions of his position with the reasonable accommodation of a leave extension until August 1, 2012.

26.     Smith was replaced by an individual who did not require a reasonable accommodation.

27.     Defendant hired Smith's replacement on October 15, 2012, approximately three months after Smith's termination.

28.     Defendant would not have suffered an undue hardship by providing Smith the requested accommodation of a leave extension to August 1, 2012.

29.     The effect of the action complained of in paragraphs 11 through 28 above has been to deprive Smith of equal employment opportunities and terminate his status as an employee because of his disability.

30.     The unlawful employment practices complained of in paragraphs 11 through 28 above were intentional.

31.     The unlawful employment practices complained of in paragraphs 11 through 28 above were done with malice or with reckless indifference to the federally protected rights of Smith.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employees the benefits and privileges of employment on the basis of disability, and any other employment practice which discriminates on the basis of disability status.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Smith, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make whole Smith, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 28, above, in amounts to be determined at trial.

E.     Order Defendant to make whole Smith, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 28 above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay to Smith, punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 11 through 28, above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

[*Jury Demand and signature on following page*]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

September 26, 2014
  Date

*s/*Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No.: 076206
robert.dawkins@eeoc.gov

Sairalina Montesino
Trial Attorney
Georgia Bar No. 940665
sairalina.montesino@eeoc.gov

Ottrell F. Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818     (direct)
(404) 562-6905     (facsimile)